02-10-340-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00340-CV

 

 


 
 
 In the Interest of M.G.T., a Child
 
 
  
 
 
  
 
 
 
 
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

----------

 

FROM THE
324th District Court OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant Allen Dale Newman, acting
pro se, filed a timely notice of appeal from the trial court’s June 28, 2010
“Final Order In Suit Affecting Parent-Child
Relationship.”  The trial court
subsequently granted a partial new trial on August 26, 2010, while it still had
plenary jurisdiction over the case.  See Tex. R. Civ. P. 329b(e).  On October 6, 2010, we informed the parties
that we were concerned that we might not have jurisdiction over this appeal
because a final judgment had not been entered in the case and that the appeal
could be dismissed for want of jurisdiction unless any party desiring to
continue the appeal filed a response on or before October 18, 2010, showing grounds
for continuing the appeal.

          On October 18, 2010, Newman filed a
response that did not show grounds for continuing the appeal but instead sought
this court’s instruction “on how to remedy these matters,” i.e., the trial
court’s order granting a partial new trial. 
That same day the trial court set a hearing for October 28, 2010 on
“Respondent’s Motion to Reconsider Motion for New Trial, or, in the
Alternative, Motion to Set Aside Judgment and/or Dismiss.”  On October 28, 2010, a “Final Trial
Notification” set the case for a final trial on December 6, 2010.

          On November 15, 2010, this court sent
a letter to the parties informing them that this court
had determined that it had jurisdiction. 
No final trial was held on December 6, 2010.  Thereafter, on December 7, 2010, this court
sent a letter to the parties informing them that the November 15 letter was
sent in error and that the jurisdictional issue remained pending.

          On January 6, 2011, we received a
letter from Newman stating that he was filing the letter in lieu of a writ of
mandamus and motion to stay proceedings in trial court and that his letter
required immediate attention.  We have
carefully reviewed Newman’s letter and attached exhibits, which attempt to
respond to our December 7 letter even though no response was requested from the
parties in that letter.  Newman initially
argues that because he was the only party to respond to our initial
jurisdiction letter, all other parties have waived their rights to question
jurisdiction.  Newman’s argument fails
because parties cannot waive jurisdiction. 
See Walker Sand,
Inc. v. Baytown Asphalt Materials, Ltd., 95 S.W.3d 511, 514 (Tex. App.—Houston
[1st Dist.] 2002, no pet.) (explaining that appellate courts must
determine question of jurisdiction, even sua sponte, and that lack of jurisdiction may not be ignored
simply because parties do not raise it); see
also New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex.
1990) (holding that appellate court’s assumption of appellate jurisdiction over
interlocutory order when not expressly authorized to do so by statute is
jurisdictional fundamental error that supreme court will correct even though
neither party asserts it).

          Newman also argues that a partial
trial would not be helpful and that an entire new trial is needed.  Newman’s letter raises other issues related to
the underlying divorce, none of which this court may address absent a final
judgment from the trial court.  Newman’s
letter does not address the central concern of this court, which is that as of
January 26, 2011, no other date has been set for a final trial, nor has a final
judgment been signed.  Because there is
no final judgment, we dismiss the appeal for want of jurisdiction.[2]  See
Tex. R. App. P. 42.3(a), 43.2(f).

 

PER CURIAM

 

PANEL:  WALKER, MCCOY, and MEIER, JJ.

 

DELIVERED:  January 27, 2011











          [1]See Tex. R. App. P. 47.4.





[2]Our
disposition of this appeal does not bar Newman from bringing a future appeal or
from raising the issues he has posed in his letter, if he feels the need, once
a final judgment has been signed.